IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TRAVIS FOREMAN | § | |
| v. | § | CIVIL ACTION NO. 6:11cv116 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Travis Foreman, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Foreman pleaded guilty to the charge of burglary of a habitation on July 27, 2006, receiving a sentence of eight years' deferred adjudication probation. He did not take a direct appeal from this proceeding. On February 10, 2010, Foreman pleaded true to violating the terms of his community supervision. He was adjudicated guilty of the burglary and sentenced to 10 years in prison. Foreman filed a state habeas petition on September 21, 2010, which was denied without written order based on the findings of the trial court without a hearing.

In his federal habeas petition, Foreman argued that: (1) he was denied the right to appeal the guilty plea proceeding although he requested that counsel file an appeal; (2) he was not admonished of the consequences of his plea or advised of the sentence he would receive if his deferred adjudication probation were ever revoked; (3) his sentence amounts to cruel and unusual punishment because he suffers from cystic fibrosis and diabetes but the Texas prison system does not provide

1

him with appropriate medical care; (4) the Texas Penal Code is unconstitutional because it makes no provisions for considering a defendant's level of cognitive development; (5) he received ineffective assistance of counsel at the plea hearing and the adjudication hearing; (6) he was denied due process because the trial court did not inquire into whether or not there was a medical reason for his failure to comply with the terms of his probation; and (7) he is entitled to release on medical parole but the Texas Board of Pardons and Paroles refuses to do so.

The Magistrate Judge ordered the Respondent to answer the petition, and the Respondent argued that some of Foreman's claims, those relating to the original guilty plea proceeding, are barred by the statute of limitations and that all of them are without merit. Foreman did not file a response to the answer, although he did file a motion for injunctive relief asking that the Court order prison officials to deliver his medical records to another inmate so that this inmate can assist him in his legal affairs.

After review of the pleadings and the state court records, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge concluded that Foreman's claims arising from the original plea proceeding, including his claims that he was denied the right to appeal, he pleaded guilty without proper admonishments, and that he received ineffective assistance of counsel, were barred by the statute of limitations. The Magistrate Judge also rejected Foreman's claims that his sentence was cruel and unusual punishment, the Penal Code is unconstitutional, he received ineffective assistance of counsel at the plea proceeding, he was denied due process, and he is being denied release on medical parole.

The Respondent filed objections to the Magistrate Judge's Report on July 22, 2011. These objections agree with the Magistrate Judge's ultimate conclusion, but argue that the Magistrate Judge erred in failing to find that Foreman's limitations period began to run on the date that he received deferred adjudication, rather than the date upon which Foreman's appeal period lapsed. This Court has previously rejected the Respondent's interpretation. Guinn v. Director, TDCJ-CID, civil action no. 2:07cv465, 2008 WL 695043 (E.D.Tex., March 13, 2008, *certificate of appealability denied*

2

December 16, 2009); Moreno v. Director, TDCJ-CID, civil action no. 6:07cv556, 2008 WL 2225676 (E.D.Tex., May 28, 2008, no appeal taken); *see also* Hughes v. Dretke, civil action no. 4:04cv802, 2004 WL 2921841 (N.D.Tex., December 15, 2004, *certificate of appealability denied* April 10, 2006). The Respondent's objections are without merit.

Foreman filed objections to the Magistrate Judge's Report on September 26, 2011. In his objections, Foreman says first that the statute of limitations applies only when a judgment has become "final," and a judgment of deferred adjudication is not final. This view has been rejected by the Fifth Circuit. Caldwell v. Dretke, 429 F.3d 521, 527 (5th Cir. 2005).

Next, Foreman argues that he is being tortured as part of his punishment, because he suffers from cystic fibrosis and is being allowed to "slowly suffocate in his own mucus." He says that his health deteriorates to the point where he must be taken to an outside hospital and revived, but then he is returned to the institution and the cycle begins again. Foreman argues that this cruel and unusual punishment entitles him to immediate release, citing a nineteenth-century U.S. Supreme Court case holding that administration of capital punishment through electrocution is not unconstitutional. In re Kemmler, 136 U.S. 436 (1890). This case plainly has no bearing on Foreman's claim.

As the Magistrate Judge explained, the courts which have considered the question have held that it is not an abuse of discretion to sentence a physically infirm prisoner to a term of imprisonment which is otherwise properly imposed. Mann v. Director, TDCJ-CID, civil action no. 6:08cv62, 2009 WL 900797 (E.D.Tex., March 31, 2009, *certificate of appealability denied* December 3, 2009) (sentence of life imprisonment for possession of a controlled substance not cruel and unusual even though the defendant suffered from heart disease); *see also* Commonwealth v. O'Neil, 393 Pa. Super. 111, 117, 573 A.2d 1112, 1115 (Pa. Super. 1990) (fact that defendant had tested positive for HIV and might not live to see the end of his term of imprisonment did not render his sentence of four to 10 years unconstitutional as cruel and unusual punishment). This objection is without merit.

Third, Foreman objects to the Magistrate Judge's conclusion that the Texas Penal Code is not unconstitutional, saying that the Penal Code does not provide for a diminished-capacity defense. He cites Roper v. Simmons, 543 U.S. 551 (2005), which held that execution of individuals under the age of 18 was prohibited by the Eighth and Fourteenth Amendments. Foreman was not sentenced to death and is not facing execution for a crime committed while he was less than 18 years of age.

While it is true that Texas does not recognize a "diminished capacity" defense *per se*,[1] the Texas courts have held that psychological evidence is admissible if it is relevant to the question of whether the defendant had the *mens rea* to commit the crime. Zorn v. State, 315 S.W.3d 616, 624 (Tex.App.,-Tyler 2010, no pet.), *citing* Jackson v. State, 160 S.W.3d 568, 573-74 (Tex.Crim.App. 2005). No Texas or federal case has held that a diminished capacity defense is constitutionally required, nor that the Texas Penal Code is unconstitutional in not providing for such a defense. Foreman's objection on this point is without merit.

Finally, Foreman objects to the Magistrate Judge's conclusion that counsel was not ineffective at the adjudication hearing. He says that counsel knew that he suffered from cystic fibrosis and that this medical condition caused him to be unable to comply with the terms of his probation, but failed to inform the Court. As a result, Foreman says that he is being punished, not because he committed a crime, but because he has a medical condition which kept him from complying with the terms of his probation.

Foreman attaches proof to his objections that he does in fact suffer from cystic fibrosis. However, he has failed to show that this condition prevented him from complying with the terms of his probation. In revoking Foreman's probation, the state court found as true the allegations that

---

[1]The "diminished capacity" defense was developed by California courts in the 1960's and 1970's. The defense provided that a defendant could escape responsibility for a crime by demonstrating not that he lacked a required specific intent, but that his capacity for entertaining that intent was not, because of mental disorder, commensurate with that of non-disordered persons. Ruffin v. State, 270 S.W.3d 586, 593 n.21 (Tex.Crim.App. 2008).

4

Foreman had violated his probation by drinking alcohol, failing to report a change of address, failing to report a change in employment status, abusing a narcotic called hydrocodone, and failing to complete three hours per month of community service. Foreman has offered nothing to show how his cystic fibrosis caused him to violate any of these terms of probation, nor that the result of the proceeding would probably have been different if his attorney had interposed his medical condition as a defense. His objection on this point is without merit.

Furthermore, as the Magistrate Judge observed, Foreman pleaded true to violating the terms of his probation. In the course of this plea, Foreman testified that he was pleading true because the allegations were true and for no other reason, that no one had threatened him or promised him anything if he pleaded true, and that the decision to plead true was made by him and no one else. This testimony, a solemn declaration in open court, is entitled to "a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Foreman has failed to show that but for counsel's conduct, the result of the proceeding would probably have been different, nor that had counsel acted differently, he would not have pleaded true. His objections to the Report of the Magistrate Judge are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, including the original petition, the answer of the Respondent, the state court records, the Report of the Magistrate Judge, the objections thereto from the Petitioner and the Respondent, and all other pleadings and documents in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner and the Respondent are without merit. It is accordingly

ORDERED that the parties' objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Travis Foreman is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all other motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 24th day of October, 2011.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**